GLD-190                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4151
_____

ANGEL LUIS SANTOS;
G.L.S.;
S.N.S., minor child, also known as Bickings,

Appellants

v.

SECRETARY OF D.H.S.; LUTHERAN CHILDREN AND
FAMILY SERVICES OF EASTERN PENNSYLVANIA;
MARY LOUISE JOHNSON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:10-cv-07266)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 11, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: April 24, 2013)
_____

OPINION
_____

PER CURIAM

Pro se Appellant Angel Luis Santos ("Santos") appeals the District Court's orders dismissing his complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure and denying his motion for leave to amend the complaint and alter the judgment.[1]  For the reasons set forth below, will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Because we primarily write for the parties, we will only recite the facts necessary for our discussion.  Santos is a prisoner currently incarcerated in the United States Medical Center for Federal Prisoners in Springfield, Missouri.  He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights during the time when Santos' minor children were first placed in foster care, and through the time when Santos' parental rights were terminated on December 9, 2008.  Santos named as defendants Secretary of

_____

[1]Santos initially filed a notice of appeal on behalf of himself and his minor children.  However, Santos cannot represent his minor children.  It is well established in this Circuit that the right to proceed pro se in federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court.  See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991).  Because the children are not represented by counsel, this appeal only presents Santos' individual claims.

2

the Philadelphia Department of Human Services ("DHS"),[2] Lutheran Children and

Family Services ("LCFS"), a non-profit agency that contracts with DHS to provide foster

care services to children placed with DHS, and Mary Louis Johnson, the court-appointed

attorney who represented Santos during his parental rights termination proceedings.

Santos seek declaratory, injunctive, and monetary relief, including punitive damages,

against all of the defendants.

In November 2006, Santos was arrested and subsequently incarcerated for a

criminal violation. In December 2006, DHS placed his minor children in the custody of

their older sister, Alicia Santos. In January 2008, Santos was informed by his children

that Alicia Santos was being abused by her live-in boyfriend. Santos informed an agent

of LCFS and requested that the children be placed with another family member. In May

2008, Santos learned that LCFS placed the children in foster care within the home of

Michael and Deborah Bickings, and in October 2008, Santos received a notice for a

---

[2] This defendant was never properly served. However, the District Court considered the claims against the Secretary of DHS sua sponte, and held that the claims fail because there are no allegations that the Secretary was personally involved in the events at issue. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be predicated on personal involvement, not on the basis of respondeat superior). The District Court also found that there were no allegations that a particular policy, custom or practice of DHS caused a constitutional violation, and therefore, any claims against DHS failed. See Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (municipal entities may be liable based on a suit brought pursuant to § 1983 only if "the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." ) (citation omitted). We agree with the District Court and conclude that the claims against the Secretary of DHS were properly dismissed.

Petition for a Finding of Involuntary Termination of Parental Rights, and a notice appointing Defendant Johnson as counsel. On December 9, 2008, Santos' parental rights were terminated in proceedings before the Honorable Flora Barth Wolf in the Court of Common Pleas of Philadelphia County, after which the Bickings adopted the children.

Defendants moved to dismiss the original complaint and in response, Santos filed an amended complaint. The defendants again filed motions to dismiss, which the District Court granted by order entered July 23, 2012. On August 14, 2012, Santos filed a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e), which was denied on January 4, 2013.[3] Santos filed a timely amended notice of appeal on January 29, 2013.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).[4] To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6),

---

[3] The District Court erred in dismissing Santos' motion to amend or alter the judgment as untimely under its Local Rule 7.1(g), when it was timely under the 28-day time limit of Fed.R.Civ.P. 59(e). See In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 459 (3d Cir. 2000) (a local rule that conflicts with an applicable federal rule is generally invalid). However, we agree with the District Court that the 59(e) motion does not meet the requirements necessary to permit the District Court to alter or amend its judgment. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

[4] "A timely appeal from a denial of a Rule 59 motion to alter or amend 'brings up the underlying judgment for review.'" Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986) (quoting Quality Prefabrication v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir.1982)). Therefore, because Santos timely appealed the denial of his motion to alter or amend the judgment, we will review the District Court's dismissal order, as well as its denial of Santos' motion to amend or alter the judgment.

4

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). We review the District Court's order denying the Rule 59(e) motion for an abuse of discretion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

### III.

We agree with the District Court's dismissal of the amended complaint. First, to the extent that Santos seeks an order granting him custody of his children and reinstating his parental rights, the District Court properly dismissed the complaint pursuant to the Rooker-Feldman doctrine. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166-67 (3d Cir. 2010) (explaining that the Rooker-Feldman doctrine deprives lower federal courts of jurisdiction over suits that are essentially appeals from state-court judgments). Second, the District Court properly dismissed the claims against Johnson because she is not a state actor and is thus not a proper defendant under § 1983.

5

See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (To establish a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor."); Polk County v. Dodson, 454 U.S. 312, 318 (1981) (a court-appointed defense attorney is not a state actor for purposes of a § 1983 action simply "by virtue of being an officer of the court . . . .").

Turning to the allegations that LCFS violated Santos' constitutional rights, we agree with the District Court that the amended complaint fails to plead sufficient facts to support the claims and we conclude that the amended complaint was properly dismissed.[5] In the amended complaint, Santos asserts violations of the First Amendment because his children were prohibited from testifying at his criminal trial. The District Court properly noted that there is no constitutional right under the First Amendment to testify as a witness during the trial of another person. To the extent that the Sixth Amendment guarantees defendants the right to call witnesses to testify on their behalf, and to compel those witnesses to testify if they refuse, there is no evidence that Santos requested that his children be subpoenaed during his criminal trial. Moreover, we agree with the District Court that Santos' claims that LCFS censored and blocked his correspondence to the children in violation of the First Amendment fail as a matter of law.

---

[5] We also agree with the District Court that Santos failed to sufficiently plead a conspiracy among the defendants to violate his civil rights and that he failed to allege sufficient facts to support his request for punitive damages.

6

Santos' allegations of Fourth Amendment violations are based on the fact that his children were not allowed to attend Santos' criminal trial, the fact that his children were prevented from visiting Santos unless accompanied by a representative of LCFS or DHS, and the fact that LCFS failed to keep Santos informed and denied his requests for information. However, none of these claims fall within the ambit of conduct protected by the Fourth Amendment, which guards against "unreasonable searches and seizures." U.S. CONST. Amend. IV. Similarly, the Fifth Amendment applies to actions of the federal government, not state actions, Citizens for Health v. Leavitt, 428 F.3d 167, 178 n.11 (3d Cir. 2005). Therefore, because the alleged Fifth Amendment violations, including LCFS' failure to close the case once the children were living with their sister, are alleged against state actors, these claims fail. Santos also alleges that LCFS failed to provide medical care and counseling for his children in violation of the Eight Amendment. However, the Eighth Amendment only protects those convicted of crimes, not people like Santos' children, who are under the custody of the state, but not prisoners. See Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005).

Finally, Santos alleges violations of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment. We agree with the District Court that the amended complaint fails to allege that Santos' procedural due process rights were violated. To state a claim for a procedural due process violation, a plaintiff must allege that (1) he was deprived of a liberty interest encompassed within the Fourteenth Amendment and (2) the procedures used did not provide due process of law. Hill v. Borough of Kutztown, 455

7

F.3d 225, 234 (3d Cir. 2006). Here, Santos confirms that he received notice about the hearing to terminate his parental rights prior to the hearing and there are no allegations that the defendants prevented Santos from voicing his concerns during this hearing. With respect to Santos' substantive due process claim, there are no allegations that DHS failed to demonstrate, by clear and convincing evidence, that Santos' parental rights should be terminated pursuant to the standard for involuntary termination in Pennsylvania set forth in 23 Pa.C.S. §2511 (2011). See Santosky v. Kramer, 455 U.S. 745, 768-69 (1982) (holding that due process requires at least clear and convincing evidence before a state may terminate parental rights). Additionally, regarding Equal Protection violations, the amended complaint asserts blanket, non-specific allegations that Santos was treated differently because of his race and/or gender. There are no specific allegations illustrating how Santos was treated differently than those similarly situated. Accordingly, the Equal Protection claims also fail. See Shuman ex rel. Shertzer v. Penn Manor Sch. Dist., 422 F.3d 141, 151 (3d Cir. 2005) (in order to bring a successful § 1983 claim for denial of Equal Protection, a plaintiff must show that she received different treatment than other similarly situated individuals).

## IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.